# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DERRON HOSKINS,** **PETITIONER**

**v.** **No. 3:08CV47-M-A**

**STATE OF MISSISSIPPI** **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Derron Hoskins for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Hoskins has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the instant petition dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**

Derron Hoskins pled guilty to the sale of cocaine in the Circuit Court of Yalobusha County, Mississippi. Hoskins was sentenced by Order filed January 20, 2004, to serve a term of twenty years in the custody of the Mississippi Department of Corrections – but consecutive to the sentence imposed on Hoskins in federal court in Cause No. 1:02CR0087-0001. By statute, there is no direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101. Hoskins signed a motion for post-conviction relief on May 13, 2004, which was stamped as "filed" in the circuit court on July 27, 2004. On October 25, 2004, the trial court denied Hoskins' motion. Hoskins appealed the lower court's denial of post-conviction relief, and on March 21, 2006, the Mississippi Court of Appeals affirmed the lower court's decision. *Hoskins v. State*, 934 So. 2d 326 (Miss. Ct. App. 2006), *reh'g denied*, July 25, 2006.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Hoskins' judgment became final on February 19, 2004, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). As such, his deadline for filing a federal petition for a writ of *habeas corpus* would have expired one year later on February 21, 2005 (February 19, 2005, fell on a Saturday, pushing the deadline to the February 21, the following Monday). Hoskins does benefit from statutory tolling for 803 days – the period from the date he signed his state application for post-conviction relief until the appeal of that

application was complete in state court (May 13, 2004, to July 25, 2006). The deadline for Hoskins to file a federal petition for a writ of *habeas corpus* thus became May 7, 2007 (February 21, 2005, plus 803 days). Again, the addition of 803 days falls May 5, 2007, as Saturday, thus, the final deadline falls on the May 7, 2007, the next Monday. Hoskins did not, however, meet that deadline.

Under the "mailbox rule," Hoskins' *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Hoskins did not sign the instant petition, which was received and stamped as "filed" in the district court on April 14, 2008. Giving the petitioner the benefit of the doubt by allowing three days for mailing, the instant petition was filed on April 11, 2008 – 340 days after the May 7, 2007, filing deadline. Hoskins does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of January, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**